## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BLUE BUFFALO COMPANY, LTD.,                    MDL No. 2562
MARKETING AND SALES PRACTICES LITIGATION

### TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, common defendant Blue Buffalo Company, Ltd. (Blue Buffalo) moves for centralization of this litigation in the District of Connecticut. The litigation before the Panel consists of seven actions pending in five districts, as listed on Schedule A.[1] The actions primarily involve allegations by consumers that Blue Buffalo made false and misleading representations about the ingredients in its pet food products, as allegedly indicated by laboratory testing commissioned by the Nestle Purina PetCare Company ("Nestle Purina"). Two related actions involving Nestle Purina, which are not included on the motion, are pending in the Eastern District of Missouri.

All parties support centralization under Section 1407, but disagree on inclusion of the Nestle Purina actions and the most appropriate choice for transferee district. Blue Buffalo, plaintiffs in the Connecticut and New York actions, and plaintiffs in one potential tag-along action ask the Panel to exclude the Nestle Purina actions because that litigation is poised to advance at a faster pace than the consumer actions, which likely will be delayed by class issues. Thus, they propose that centralization be limited to the seven consumer actions and request the District of Connecticut as transferee district. Plaintiffs in the Missouri, Illinois, and Florida actions ask the Panel to include the Nestle Purina actions and request centralization in the Eastern District of Missouri.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that Blue Buffalo made false and misleading representations about the ingredients in its pet food products, and in particular, misrepresented the products as free of certain poultry by-products, grains, and artificial preservatives. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (in particular with respect to discovery and class certification issues); and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle took no part in the decision of this matter.

[1] Since the filing of the motion, the parties have notified the Panel of four related actions pending in various districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

We are persuaded that the most appropriate location for this litigation is the Eastern District of Missouri, where two consumer actions and the related Nestle Purina actions are pending. The record indicates that significant common discovery likely is located in this district, including the laboratory testing that plaintiffs allege supports their claims. Additionally, Blue Buffalo and Nestle Purina appear to be engaged in discovery in that district over the same issues that are presented by this litigation. St. Louis also provides a geographically central location for this nationwide litigation. Judge Rodney W. Sippel, to whom we assign this litigation, is an experienced transferee judge, and we are confident he will steer this litigation on a prudent course. Further, as Judge Sippel is presiding over the Nestle Purina actions, he is in a particularly favorable position to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Rodney W. Sippel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Sarah S. Vance             R. David Proctor

**IN RE: BLUE BUFFALO COMPANY, LTD.,**            MDL No. 2562
**MARKETING AND SALES PRACTICES LITIGATION**

## SCHEDULE A

<u>District of Connecticut</u>

DELRE v. BLUE BUFFALO COMPANY, LTD, C.A. No. 3:14-00768
RENNA v. BLUE BUFFALO COMPANY, LTD., C.A. No. 3:14-00833

<u>Southern District of Florida</u>

MACKENZIE v. BLUE BUFFALO COMPANY, LTD., C.A. No. 9:14-80634

<u>Southern District of Illinois</u>

STONE v. BLUE BUFFALO COMPANY, LTD., C.A. No. 3:14-00520

<u>Eastern District of Missouri</u>

KEIL v. BLUE BUFFALO COMPANY, LTD., C.A. No. 4:14-00880
HUTCHISON, ET AL. v. BLUE BUFFALO COMPANY, LTD., C.A. No. 4:14-01070

<u>Eastern District of New York</u>

ANDACKY, ET AL. v. BLUE BUFFALO COMPANY, LTD., C.A. No. 2:14-02938