IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: BLUE BUFFALO COMPANY, LTD., MARKETING AND SALES PRACTICES LITIGATION | No. 4:14 MD 2562 RWS |
| THIS DOCUMENT APPLIES TO: | |
| ALL CASES | |

**MEMORANDUM IN RESPONSE TO MOTION TO APPOINT INTERIM CLASS COUNSEL, PLAINTIFFS' LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE FOR THE PUTATIVE CLASS**

COMES NOW, Plaintiff Maja Mackenzie, by and through her undersigned counsel, the law firms of Lewis, Rice & Fingersh, L.C. ("Lewis Rice"), Reese Richman LLP ("Reese Richman"), and the Eggnatz Law Firm, P.A. (collectively, "the Lewis Rice Lawyers"), and submits this Response to the Motion and Supporting Memorandum to Appoint Interim Class Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Executive Committee for the Putative Class (the "Motion").

**I.      INTRODUCTION**

Pursuant to the ruling of the Judicial Panel on Multidistrict Litigation (the "JPML"), this Court now has before it nine class action cases brought on behalf of consumers situated across the United States who purchased Blue Buffalo pet food products. Five business days ago, five of the Plaintiffs' counsel, styling themselves as the "Majority Plaintiffs' Group" (the "MPG") have "self-organized" to appoint themselves as the entire leadership of the Plaintiffs' Executive Committee. Notably, the MPG does not include any counsel representing Plaintiffs located in the State of Florida or the State of California, which are two extremely significant pet food markets where multiple cases have been filed.

2041901.7

Nevertheless, when the Lewis Rice Lawyers approached the MPG, they were informed that the MPG counsel did not believe the services of the Lewis Rice Lawyers merited a position on the Plaintiffs' Executive Committee.  Class representative Plaintiff Maja Mackenzie, respectfully disagrees and asks that this Court appoint the Lewis Rice Lawyers as lead or, at a minimum, co-lead counsel.

**II.     THE LEWIS RICE LAWYERS WILL GREATLY AID THE EFFICIENT PROSECUTION OF THESE CLASS ACTIONS.**

The MPG correctly cites to Federal Rule of Civil Procedure 23(g) as setting forth the appropriate standard to consider the appointment of interim class counsel.  Rule 23(g) requires that the Court consider the following in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A).  The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* 23(g)(1)(B).

The Eastern District of Missouri has articulated the appropriate standard "where more than one qualified applicant seeks appointment as Lead Counsel": "the court ***must*** appoint the applicant ***best able to represent the interests of the class***." *In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices Litig.*, No. 4:07-CV-01701-ERW, 2008 WL 1805731, at *1–2 (E.D. Mo. Apr. 18, 2008) (emphasis added).  Nor can the Court simply accept the wishes of the "majority"—the Manual for Complex Litigation expressly cautions judges "to take an active part in the decision on the appointment of counsel.  ***Deferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those***

*affected, invites problems down the road* . . . ." Manual for Complex Litigation (Fourth) § 10.224 (2004).

The Lewis Rice Lawyers in no respect question the reputation and capability of the lawyers in the MPG.  However, as the MPG's own brief recognizes, this Court should only defer to any purported self-ordering where "*every* firm with a filed case has had an opportunity to participate in the creation of the leadership structure and have representation in some capacity in the litigation." (Motion at 6–7) (emphasis added).  In this case, however, the proposed leadership met only with themselves and proceeded to appoint only themselves as the sum total of the leadership structure, ignoring counsel representing different class representatives located in very different areas of the United States, including Florida and California.  The more appropriate structure would be (1) to include on the Plaintiffs' Executive Committee counsel representing Plaintiffs from each of the regions and (2) to appoint a lead or co-lead counsel based in Missouri with experience in pet food market analysis and sufficient resources available to address what could be extensive and complicated discovery productions.

In this regard, the Lewis Rice Lawyers have valuable and unique experience to bring to this leadership table.  In particular, not only does Lewis Rice have extensive experience in class action litigation generally, it also has extensive experience in litigating issues concerning the pet food industry.  The Lewis Rice Lawyers have represented pet food manufacturers, vendors providing services to pet food manufacturers, and pet food market research firms.  The Lewis Rice Lawyers have specialized experience concerning the economics of pet food sales, including market research, price elasticities of demand, consumer preferences, and customer demographics.

While the proposed leadership explains that they have begun work on the expert analysis concerning the testing of Blue Buffalo's product, they mischaracterize that issue as the "pivotal" issue.  The Lewis Rice Lawyers have similarly investigated Blue Buffalo's product.  However, that issue is largely resolved – the products do contain chicken or poultry by-product meal.  Indeed, Nestle Purina Pet Care Company long ago paved the way on that issue in its unfair competition case, and Blue Buffalo itself has now admitted that its pet food was mislabeled.  Press Release, Bill Bishop, Regarding the Issue Pertaining to Wilbur Ellis' Texas Plant (Oct. 14, 2014), *available at* http://bluebuffalo.com/about-us/whats-new-at-blue/wilbur-ellis-texas-plant/#.VD2oPhb4jcE.facebook.

The far greater and more significant issues concerning resolution of this litigation revolve around the degree to which the misrepresentations actually misled consumers, the extent those misrepresentations caused them to pay a price premium for Blue Buffalo's misrepresented product, and the amount of that price premium.  It is in this critical area where the Lewis Rice Lawyers have a great deal of experience in this specific industry and have access to invaluable experience that will drive the direction and ultimate resolution of this matter in an efficient manner.

In addition to having expertise in the specific areas of class action litigation, consumer fraud litigation, and the pet food industry, the Lewis Rice Lawyers also bring to bear the resources of proximity and manpower.  Lewis Rice (1) is based in St. Louis, (2) has a stable of associates on call if the need arises, (3) has an established in-house process for review and categorization of extensive document productions, and (4) has advanced technology resources for searching vast amounts of documents and information.  Quite simply, categorizing, reviewing, and processing extensive pricing and market research information will be key, and the

Lewis Rice Lawyers have the resources to perform these tasks in an extremely efficient and comprehensive manner. All of these significant attributes well position Lewis Rice to serve as lead or co-lead counsel in this litigation.

The Lewis Rice Lawyers would be led by David B. Helms and Richard B. Walsh, Jr. Additionally, Barry A. Short and John M. Hessel,[1] two other highly experienced litigators, would also be available to provide support if needed. David Helms has extensive experience representing both plaintiffs and defendants in class actions, consumer fraud cases, and complex cases involving consumer market analysis and elasticities of demand. (*See* D. Helms résumé, attached hereto as Exhibit 1.) Mr. Helms was lead counsel in obtaining a record-setting $60 million jury verdict in a consumer fraud action against a subsidiary of US Bank. That jury verdict was one of the largest in the United States that year and the largest in the history of the county in which it was obtained.[2] In addition, Mr. Helms obtained what is believed to be one of the largest auction rate securities settlements in the United States on behalf of consumers. He and Rick Walsh also obtained a $15 million jury verdict and a sweeping injunction against Shimano, Inc., one of the world's largest bicycle component manufacturers.[3] That case was tried in federal court to a jury verdict and then upheld on appeal before the United States Court of Appeals for the Ninth Circuit. Mr. Helms has been invited to join both the Million Dollar Advocates Forum and the Multi-Million Dollar Advocates Forum. With regard to MDL

---

[1] Mr. Short and Mr. Hessel's résumés can be downloaded at http://www.lewisrice.com/Attorneys/Pages/AttorneyDetail.aspx?attorneyID=117 and http://www.lewisrice.com/Attorneys/Pages/AttorneyDetail.aspx?attorneyID=46.

[2] *See Christopher Greater Area Rural Health Corp. v. Lyon d/b/a U.S. Bancorp Manifest Fin. Servs.*, 05-L-88 (Ill. Cir. Ct.).

[3] *SRAM Corp. v. Shimano, Inc., et al.*, No. 8:96-cv-00208-GLT-EE (C.D. Ca. Feb. 4, 2000); *SRAM Corp. v. Shimano, Inc., et al.*, 25 Fed. App'x 626 (9th Cir. 2002).

litigation, Mr. Helms has participated in MDL actions across the United States, including one of the largest *qui tam* MDL proceedings in the United States,[4] the MDL concerning Bridgestone Tires,[5] the MDL concerning Latex Gloves,[6] the MDL concerning radiolucent breast implants,[7] and the MDL concerning State Street's fixed income funds.[8]

Rick Walsh is the Chair of Lewis Rice's Litigation Department. (*See* R. Walsh résumé, attached hereto as Exhibit 2.) Mr. Walsh is a very experienced trial lawyer. In addition to serving as lead trial counsel in the above-referenced case against Shimano, Inc., he successfully represented Ralston Purina Company in obtaining the dismissal of an antitrust case brought against the leading manufacturers of premium pet food involving the pricing of premium pet food. The suit was brought against The Iams Company, Ralston Purina Company, Colgate-Palmolive Company, Hill's Pet Nutrition, Inc., and Nutro Products, Inc., and involved claims of violation of the Robinson Patman Act.[9] He also successfully represented Ralston Purina Company in a Missouri State antitrust case brought against similar premium pet food manufacturers as well as PetsMart and PetCare. That suit involved claims of attempted monopolization and conspiracy to monopolize.[10] Moreover, in this past year, Mr. Walsh was

---

[4] *In re Cardiac Devices Qui Tam Litig.*, MDL-1505 (J.P.M.L.).

[5] *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, MDL-1373 (J.P.M.L.).

[6] *In re Latex Gloves Prods. Liab. Litig.*, MDL-1148 (J.P.M.L.).

[7] *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, MDL-926 (J.P.M.L.).

[8] *In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig.*, MDL-1945 (J.P.M.L.).

[9] *Falduti v. The Iams Company, et al.*, No. 4:95-cv-00116-CDP (E.D. Mo. Aug. 17, 1995).

[10] *Falduti v. PetsMart, et al.*, No. 22952-07841 (Mo. Cir. Ct. June 18, 1998).

lead counsel in one of the highest profile cases in St. Louis, *Major Brands v. Diageo North America, Inc., et. al*.  In addition to his law degree, Mr. Walsh attended the London School of Economics, and his knowledge of and experience in market analysis will be of particular significance in addressing the key issues that will determine the true value of these claims. Finally, Mr. Walsh's IP practice and experience have given him an understanding of chemical processes and a fluency in scientific terminology that will undoubtedly prove useful in this litigation.

The Lewis Rice Lawyers would also have access to and the assistance of Reese Richman LLP, a nationally-recognized law firm headquartered in New York that specializes in class action litigation on behalf of consumers.  The attorneys of Reese Richman are skilled litigators with years of experience, as detailed in the Reese Richman LLP Firm Résumé, attached hereto as Exhibit 3.  Reese Richman is a leader in the litigation of class action food cases and has been appointed by courts in numerous actions to represent consumers in food litigation.[11]  Michael Reese, a founding partner of Reese Richman LLP and the managing partner of its New York headquarters, has been litigating class actions on behalf of consumers and investors since 2000. Mr. Reese specializes in class action work, with a focus on food litigation, and will use his extensive trial and civil litigation experience to provide any necessary assistance to the Lewis Rice Lawyers.

## Conclusion

This Court's obligation to independently appoint lead counsel may not be relinquished to the self-proclaimed majority group.   Rather, because there are innumerable unnamed class

---

[11] *See, e.g.*, *In re Glaceau Vitaminwater Mktg. & Sales Practices Litig.*, MDL-2215 (J.P.M.L.) (appointing Reese Richman as co-lead counsel in class action food litigation); *In re Gen. Mills, Inc. Kix Cereal Litig.*, No. 2:12-cv-00249-KM-MCA (D.N.J.) (same); *In re Frito-Lay N. Am., Inc. All Natural Litig.*, MDL-2413 (J.P.M.L.) (same).

members whose interests are just as necessary to protect as those named plaintiffs, the Court must consider each applicant's qualifications before appointing interim class counsel. For all the reasons set forth above, the Lewis Rice Lawyers possess the resources, experience, and knowledge to best represent the putative class of plaintiffs in this litigation.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ David B. Helms

Richard B. Walsh, Jr., #33523mo
David B. Helms #48941mo
600 Washington, Suite 2500
St. Louis, MO 63101
(314) 444-7600
(314) 241-6056 (facsimile)
rwalsh@lewisrice.com
dhelms@lewisrice.com

and

**REESE RICHMAN, LLP**

Michael Robert Reese
875 Avenue of the Americas
18th Floor
New York, NY 10001
(212) 646-0500
(212) 253-4272 (facsimile)
mreese@reeserichman.com

*Attorneys for Plaintiff Maja Mackenzie*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 13th day of November, 2014 a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system to counsel of record.

                                                                       /s/ David B. Helms