UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: BLUE BUFFALO COMPANY, ) <br> LTD. MARKETING AND SALES ) <br> PRACTICES LITIGATION ) <br> ) <br> ) <br> RELATES TO:   ALL CASES ) | Case No.  4:14 MD 2562 RWS |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, CERTIFICATION OF SETTLEMENT
CLASS, PERMISSION TO DISSEMINATE CLASS NOTICE, AND LEAVE TO FILE A
FIRST AMENDED CONSOLIDATED COMPLAINT**

Come Now Plaintiffs Alexia Keil, Nick Hutchison, Rachael D. Stone, Maja Mackenzie, Jonathon Fisher, David Delre, Beth Cox, and Lori Canale ("Plaintiffs"), on behalf of themselves and all others similarly situated, and for the reasons more fully set forth in the accompanying Memorandum, move this Court for an Order granting provisional certification of a settlement class, preliminary approval of settlement, approval of notice to the class and permission to disseminate notice, and leave to file a First Amended Consolidated Complaint.  Plaintiffs further request that the Court set a date for a fairness hearing.  In support of this motion, Plaintiffs state as follows:

1.      Plaintiffs allege that Defendant Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant") sells premium pet food, advertised as such, and for which it charges a premium price, providing to customers the "True Blue Promise," that its Products contain only the finest natural ingredients with "NO Chicken or Poultry By-Product Meals," "NO Corn, Wheat or Soy," and "NO Artificial Preservatives, Colors, or Flavors."  Dkt. No. 36, Consolidated Class Action Complaint at ¶ 3.  These statements appear on all Blue Buffalo Products.  *Id.* at ¶4.  Contrary to

1

the True Blue Promise, however, Blue Buffalo Products did contain significant amounts of chicken/poultry by-product mean, corn, rice, grains, soy and/or artificial ingredients. *Id.* at ¶¶ 9, 11, 18, 29, 32.

2. Blue Buffalo has denied liability and asserted multiple affirmative defenses. *See* Answer To Consolidated Class Action Complaint. Dkt. No. 45.

3. After much negotiation, the parties have arrived at a Settlement that will provide meaningful cash compensation, as well as injunctive relief, and avoid the risks and delay of further litigation.

4. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.,* 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013). "The court's role in reviewing a negotiated class settlement is to 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 934 (8th Cir.2005)).

5. Factors considered in determining whether a settlement is fair, reasonable, and adequate support approval of the settlement in this case for all the reasons set out in the accompanying Memorandum. *See Risch v. Natoli Eng'g Co., LLC*, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012) (setting out factors). As against the risks and uncertainties, the Settlement provides immediate and valuable monetary and injunctive relief.

6. Notice to the class will describe the Settlement, advise class members of their rights to opt out of, or object to, the settlement, and the date of the fairness hearing to be scheduled by this Court.

7. Plaintiffs also request that the Court provisionally certify a settlement class. At this juncture, the practical effect of certification is to "allow[] notice to the class." *In re Zurn Pex Plumbing Products Liab. Litig.*, 08-MDL-1958 ADM/AJB, 2012 WL 5055810, at *5 (D. Minn. Oct. 18, 2012); *see also Manual for Complex Litigation* § 21.633 (4th ed.) (same)

8. Here, all requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – are met. The requirements of Rule 23(b)(3) also are satisfied as "questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Claxton v. Kum & Go, L.C.,* 6:14-CV-03385-MDH, 2015 WL 3648776, at *4 (W.D. Mo. June 11, 2015). Accordingly, conditional certification for settlement purposes is appropriate.

9. The proposed notice to class members also is reasonable. "Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 4:03-MD-015, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004) (quoting *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1153 (8th Cir. 1999)). The proposed Notice is Exhibit 4 to the Settlement Agreement, which is appended to the accompanying Kamber Declaration, as Exhibit A. It contains the information indicated in Fed. R. Civ. P. 23 (c)(2)(B)(i)-(vii) and will be distributed as this Court directs.

10. Plaintiffs further request that this Court schedule a fairness hearing, for a date at least 120 days after publication of the class notice, at which to finally determine whether to certify the settlement class and approve the settlement.

11.     Finally, Plaintiffs request leave to file a First Amended Consolidated Complaint, in the form as proposed and attached to Kamber Decl. as Exhibit B.

WHEREFORE, for these and the reasons more fully set forth in the accompanying Memorandum, Plaintiffs request that this Court conditionally certify a settlement class (as defined in the Settlement Agreement), grant preliminary approval to the settlement, approve the Notice and dissemination of notice to the class, schedule a fairness hearing, and grant leave to file a First Amended Consolidated Complaint.  A Proposed Order granting this Motion is attached hereto.

Dated: December 9, 2015

Respectfully submitted,

 /s/ *John Simon*_____
The Simon Law Firm, P.C.
John G. Simon, #35231MO
800 Market Street, 17th FL
St. Louis, Missouri 63101
P. (314) 241-2929
F. (314) 241-2029
jsimon@simonlawpc.com

*Liaison Counsel and Member Plaintiffs' Executive Committee*

Scott A. Kamber (SK-5794,SDNY)
KamberLaw LLC
100 Wall Street 23rd floor
New York, NY 10005
P. (212) 920-3072
F. (212) 202-6364
skamber@kamberlaw.com

Deborah Kravitz, #275661CA
KamberLaw LLP
401 Center St., Suite 111
Healdsburg, CA
P. (707) 820-4247
F. (212) 202-6364
dkravitz@kamberlaw.com

4

*Interim Class Counsel and Chair of the Plaintiffs' Executive Committee*

Gray, Ritter & Graham, P.C.
Don M. Downing #30405MO
701 Market Street, Suite 800
St. Louis, MO 63101-1826
P. (314) 241-5620, ext. 2006
F. (314) 241-4140
ddowning@grgpc.com

Bursor & Fisher, P.A.
Joseph I. Marchese
Frederick J. Klorczyk III
888 Seventh Ave.
New York, NY 10019
P. 646-837-7410
F. 212-989-9163
jmarchese@bursor.com
fklorczyk@bursor.com

Steelman, Gaunt & Horsefield
David Steelman, #27334MO
901 N Pine St
Rolla, MO 6540
P. (573) 341-8336
F. (573) 341.8548
dsteelman@steelmanandgaunt.com

*Members of Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on December 9, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

By: ___/s/ *John Simon*_____

Counsel for Plaintiffs