UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: BLUE BUFFALO COMPANY, | ) | |
| LTD. MARKETING AND SALES | ) | |
| PRACTICES LITIGATION | ) | Case No. 4:14 MD 2562 RWS |

## CONDITIONAL CLASS CERTIFICATION
## AND PRELIMINARY APPROVAL ORDER

Alexia Keil, Nick Hutchison, Rachael D. Stone, Maja Mackenzie, Jonathan Fisher, David Delre, Beth Cox, Lori Canale, and Derek McCusker (collectively, "Class Representatives" or "Plaintiffs") on behalf of themselves and all others similarly situated and Blue Buffalo Company, Ltd. ("Blue Buffalo" or "Defendant") (collectively, the "Parties") have entered into a Stipulation of Settlement dated December 9, 2015 (the "Settlement Agreement") to resolve their disputes in the above-captioned litigation (the "Action") and Plaintiffs have filed a Motion for provisional certification of a settlement class, preliminary approval of settlement, approval of notice to the class and permission to disseminate notice, and leave to file a First Amended Consolidated Complaint (the "Motion"). The Settlement Agreement and accompanying exhibits, Exhibit A to the Kamber Declaration, set forth the terms and conditions for a proposed settlement and dismissal of the Action. Defendant consents to Plaintiffs filing an Amended Consolidated Complaint; and the Parties further request an immediate stay of the Action.

Having reviewed the Settlement Agreement, the Motion, and accompanying exhibits, the pleadings and other papers on file in this Action, and statements of counsel, the Court finds that

the Motion should be **GRANTED as modified**[1] and that this Order should be entered. Terms and phrases used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiffs are granted leave to file their First Amended Consolidated Complaint in the form attached as Exhibit B to the Kamber Declaration.

2. The Court conditionally certifies for settlement purposes only the following Settlement Class:

> All residents of the United States of America who, from May 7, 2008 through the Preliminary Approval Date, purchased any of the Blue Buffalo Products [listed on Ex. 1 to the Settlement Agreement].

Specifically excluded from the Settlement Class are the following:

    a) Released Persons;

    b) The Court and its personnel;

    c) All persons who have timely elected to exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 5.4 of the Settlement Agreement who, thereupon, shall no longer be Settlement Class Members, shall not be bound by this Settlement Agreement or eligible to make a claim for any benefit under the terms of the Settlement Agreement.

    d) Class Counsel and Supporting Counsel.

The Court reserves the right to determine, should the occasion arise, whether Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and Defendant hereby retains all rights to assert that Plaintiffs' proposed claims may not be certified as a class action except for settlement purposes.

3. The Court appoints Class Counsel to act as Settlement Class Counsel.

---

[1] See modifications in paragraphs 23, 25, and 26.

4. The Court appoints Class Representatives as representatives of the Settlement Class.

5. The Court finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class and preliminarily approves the Settlement. This determination permitting notice to the Settlement Class is not a final finding, but a determination that the proposed Settlement is preliminarily acceptable, that it should be submitted to Settlement Class Members, and that a Fairness Hearing should be held to finally consider the fairness, reasonableness, and adequacy of the proposed Settlement.

6. The Court appoints the Heffler Claims Group as Settlement Administrator in accordance with the provisions of Paragraph 1.23 of the Settlement Agreement. The Settlement Administrator shall comply with the contract between itself and Class Counsel, including the Performance Standards set out in Paragraph 4.6 of the Settlement Agreement.

7. The Court approves the Publication Notice, and directs that notice in substantially similar form be published and disseminated in accordance with the provisions of the Settlement Agreement.

8. The Court approves the Class Notice, and directs that notice in substantially similar form be published and disseminated in accordance with the provisions of the Settlement Agreement

9. The Court approves the Claim Form, and directs that the Claim Form be available in a substantially similar form through the Settlement Website or otherwise from the Settlement Administrator as provided in Paragraph 1.4 of the Settlement Agreement.

10. The Court approves the Media Plan, as described in the Finegan Declaration, and Orders its execution by the Settlement Administrator as supervised by Class Counsel.

11. The Court approves creation of the Settlement Website, as defined in Section 1.28 of the Settlement Agreement, that shall include downloadable copies of the Stipulation of Settlement, Class Notice, this Order, all papers submitted for preliminary Approval and any other filed documents in this case that Class Counsel believes relevant to the notice and claims process. The Settlement Website shall be maintained in accordance with the provisions of Paragraphs 2.6 – 2.10 of the Settlement Agreement.

12. The Court finds that, taken together, the Publication Notice and Class Notice, along with the Settlement Website and Media Plan (the "Class Notice" or "Settlement Class Notice Program") (a) are the best practicable notice, (b) reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

13. The Court orders the Settlement Administrator to file proof of publication of the Publication Notice and proof of maintenance of the Settlement Website at or before the Fairness Hearing.

14. The Court orders any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than 90 days after the Notice Date and that otherwise conforms with the requirements proscribed in the Notice, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Notice.

15. The Court enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from: (a) filing, commencing, prosecuting,

intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action; (b) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action; and (c) attempting to effect exclusion, or Opt-Outs, of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action.

16. The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) will be bound by all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

17. The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement or to the Attorneys' Fees and Expenses, must no later than 90 days after the Notice Date, or as the Court may otherwise direct, submit to the Settlement Administrator (who shall deliver to Class Counsel and Defense Counsel) a written notice of objection and/or request to be heard, signed by the Settlement Class Member, and containing all of the following information:

a. The name, address, telephone number, and, if available, the email address of the person objecting, and if represented by counsel, of his/her counsel;

b. Specifically and in writing, all objections and grounds;

c. Whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

d. A statement sufficient to establish his/her membership in the Settlement Class, including all information required by the Claim Form; and

e. A detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court in the United States, whether in state court or otherwise, in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement.

Failure to follow such procedures may, in the Court's discretion, preclude the Settlement Class Member from appearing and/or be deemed a waiver of the objection.

18. Any response to an objection shall be filed with the Court no later than 7 days prior to the Fairness Hearing.

19. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement or to the Attorneys' Fees and Expenses will be at the Settlement Class Member's expense.

20. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Expenses and who intends to make an appearance at the Fairness Hearing must provide to the Settlement Administrator (who shall deliver to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than 95 days after the Notice Date or as the Court may otherwise direct.

21. The Court orders that any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing must provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than 95 days after the Notice Date or as the Court may otherwise direct.

22. The Court orders that the Settlement Administrator must promptly furnish Class Counsel and Defense Counsel with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession.

23. The Court orders the Settlement Administrator to provide the Opt-Out List to Class Counsel, as provided in Paragraph 5.4 of the Settlement Agreement, no later than seven (7) calendar days prior to the final fairness hearing, which such list Class Counsel then shall file with the Court **no later than five (5) calendar days** prior to the hearing. The Settlement Administrator shall furnish a declaration attesting to the accuracy and completeness of the list.

24. Counsel for Defendant shall ensure that the Settlement Administrator (or other designee) provides proper notice of the proposed Settlement to all appropriate government officials, as provided in the Class Action Fairness Act.

25. The Court orders that a Fairness Hearing shall be held on **Thursday, May 19, 2016 at 10:30 a.m.** in Courtroom 16-South before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment, at which time the Court also will address Class Counsel's application for attorneys' fees and costs, and Incentive Awards for Class Representatives.

26. Class Counsel and Defense Counsel shall file a proposed final Order approving the Settlement and Class Counsel's application and attorneys' fees and costs, and Incentive Awards for Class Representatives, no later than seven (7) days before the Fairness Hearing.

27. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2015.