UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: BLUE BUFFALO COMPANY, LTD. MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) |
| RELATES TO:   ALL CASES | |

Case No.  4:14 MD 2562 RWS

**MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND SETTLEMENT CLASS CERTIFICATION**

Come Now Plaintiffs in the above-styed action, on behalf of themselves and all others similarly situated, and for the reasons more fully set forth in the accompanying Memorandum in Support of Motion For Final Approval Of Settlement and Settlement Class Certification ("Mem."), move this Court for an Order finally approving the Settlement preliminarily approved on December 18, 2015 (Dkt. No. 164) as fair, reasonable, and adequate; certifying the Settlement Class as set forth therein; approve Incentive Awards to the named representatives in the amount of $1500 each; and overrule the Objections to the Settlement. A proposed order will jointly be filed jointly by Plaintiffs and Blue Buffalo.  In support of this motion, Plaintiffs state as follows:

1. Plaintiffs allege that Defendant Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant") sells premium pet food, advertised as such, and for which it charges a premium price, providing to customers the "True Blue Promise," that its Products contain only the finest natural ingredients with "NO Chicken or Poultry By-Product Meals," "NO Corn, Wheat or Soy," and "NO Artificial Preservatives, Colors, or Flavors." Dkt. No. 36, Consolidated Class Action Complaint at ¶ 3; Dkt. No. 165, First Amended Consolidated Class Action Complaint ¶3. These statements appear on all Blue Buffalo Products. *Id.* at ¶4. Contrary to the True Blue Promise,

1

however, Blue Buffalo Products did contain significant amounts of chicken/poultry by-product mean, corn, rice, grains, soy and/or artificial ingredients. *Id.* at ¶¶ 9, 11, 18, 29, 32.

2. Blue Buffalo has denied liability and asserted multiple affirmative defenses. *See* Answer To Consolidated Class Action Complaint. Dkt. No. 45.

3. After much negotiation, the parties have arrived at a Settlement that will provide meaningful cash compensation, as well as injunctive relief, and avoid the risks and delay of further litigation.

4. On December 18, 2015, this Court entered its Order preliminarily approving the Settlement Agreement, appointing Plaintiff Class Representatives as representatives of the Settlement Class, appointing Heffler Claims Group as Settlement Administrator, approving Notice to class members and granting permission to disseminate notice, approving the Claim Form, Media Plan, and Settlement Website, permitting the filing of objections and requests to opt out of the Settlement under specified procedures, granting permission to file a First Amended Consolidated Complaint ("Am. Compl."), and setting a fairness hearing for Thursday, May 19, 2016 at 10:30 a.m. *See* Dkt. No. 164.

5. The Court also conditionally certified, for settlement purposes only, a Settlement Class defined as: "All residents of the United States of America who, from May 7, 2008 through the Preliminary Approval Date, purchased any of the Blue Buffalo Products [listed on Ex. 1 to the Settlement Agreement]." Dkt. No. 164 at 2.[1]

6. As directed, Heffler Claims Group, under the supervision of Counsel, executed the Publication Notice and Class Notice as well as and the Media Plan, and established the

---

[1] Excluded from the Settlement Class are: "a) Released Persons;  b) The Court and its personnel; c) All persons who have timely elected to exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 5.4 of the Settlement Agreement who, thereupon, shall no longer be Settlement Class Members, shall not be bound by this Settlement Agreement or eligible to make a claim for any benefit under the terms of the Settlement Agreement." *Id.*

2

Settlement Website, providing Notice to class members during the Notice period, and by direct email, as specified in the Stipulation of Settlement. *See* Mem., Ex. 2. Such notice was reasonable and more than enough to satisfy due process. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995).

7. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.,* 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013). "The court's role in reviewing a negotiated class settlement is to 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 934 (8th Cir.2005)).

8. Factors considered in determining whether a settlement is fair, reasonable, and adequate support approval of the Settlement in this case for all the reasons set out in the accompanying Memorandum. *See Risch v. Natoli Eng'g Co., LLC*, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012) (setting out factors). As against the risks and uncertainties, the Settlement provides immediate and valuable monetary and injunctive relief.

9. In total, 105,172 class members submitted claim forms. *See* Mem., Ex. 2. Because there is no reversion of funds to Blue Buffalo, and consistent with the Settlement Agreement, Settlement Class Members will receive a pro rata increase. *See* Mem. at 9, 11-12.

10. Only 16 class members filed timely objections, indicating favorable response. Objectors were permitted to voice their concerns in written filings, and to attend the fairness hearing if desired. Respectfully, the objections should be rejected as none demonstrate that the Settlement is unfair to the class as a whole. *See* Plaintiffs' Omnibus Response to Objectors; *Marshall* 787 F.3d at 519-20. Based on applicable factors, it is fair, reasonable and adequate.

11. Plaintiffs also request that the Court certify the Settlement Class. All requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – are met. The requirements of Rule 23(b)(3) also are satisfied as "questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Claxton v. Kum & Go, L.C.,* 6:14-CV-03385-MDH, 2015 WL 3648776, at *4 (W.D. Mo. June 11, 2015). Accordingly, conditional certification for settlement purposes is appropriate.

WHEREFORE, for these and the reasons more fully set forth in the accompanying Memorandum, Plaintiffs request that this Court certify the Settlement Class (as defined in the Settlement Agreement), and grant final approval of the Settlement.

Dated: May 12, 2106               Respectfully Submitted,

                                                    */s/ Scott A. Kamber*
Scott A. Kamber (SK-5794,SDNY)
KamberLaw LLC
100 Wall Street 23rd floor
New York, NY 10005
P. (212) 920-3072
F. (212) 202-6364
skamber@kamberlaw.com

Deborah Kravitz, #275661CA
KamberLaw LLP
401 Center St., Suite 111
Healdsburg, CA
P. (707) 820-4247
F. (212) 202-6364
dkravitz@kamberlaw.com
        *Class Counsel, Settlement Counsel, and Chair of the Plaintiffs' Executive Committee*

4

The Simon Law Firm, P.C.
John G. Simon, #35231MO
800 Market Street, 17th FL
St. Louis, Missouri 63101
P. (314) 241-2929
F. (314) 241-2029
jsimon@simonlawpc.com
> *Liaison Counsel and Member Plaintiffs' Executive Committee*

Gray, Ritter & Graham, P.C.
Don M. Downing #30405MO
701 Market Street, Suite 800
St. Louis, MO 63101-1826
P. (314) 241-5620, ext. 2006
F. (314) 241-4140
ddowning@grgpc.com

Bursor & Fisher, P.A.
Joseph I. Marchese
Frederick J. Klorczyk, III
888 Seventh Ave.
New York, NY 10019
P. 646-837-7410
F. 212-989-9163
jmarchese@bursor.com
fklorczyk@bursor.com

Steelman, Gaunt & Horsefield
David Steelman, #27334MO
901 N Pine St
Rolla, MO 6540
P. (573) 341-8336
F. (573) 341.8548
dsteelman@steelmanandgaunt.com

> *Members of Plaintiffs' Executive Committee*

5

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 12, 2016 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

By:    _/s/ Deborah Kravitz_____
         Counsel for Plaintiffs