UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: BLUE BUFFALO COMPANY, LTD. MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) |
| RELATES TO:  ALL CASES | Case No.  4:14 MD 2562 RWS |

MOTION FOR AN AWARD OF
<u>ATTORNEYS' FEES AND EXPENSES</u>

Plaintiffs in the above-style action, on behalf of themselves and all others similarly situated, and for the reasons more fully set forth in the accompanying Application, move this Court for an Order awarding attorneys' fees in the amount of $7,847,946, and expenses in the amount of $152,054, for at total award of $8,000,000.  In support of this motion, Plaintiffs state as follows:

1. Plaintiffs allege that Defendant Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant") sells premium pet food, advertised as such, and for which it charges a premium price, providing to customers the "True Blue Promise," that its Products contain only the finest natural ingredients with "NO Chicken or Poultry By-Product Meals," "NO Corn, Wheat or Soy," and "NO Artificial Preservatives, Colors, or Flavors." Dkt. No. 36, Consolidated Class Action Complaint at ¶ 3; Dkt. No. 165, First Amended Consolidated Class Action Complaint ¶3. These statements appear on all Blue Buffalo Products. *Id.* at ¶4. Contrary to the True Blue Promise, however, Blue Buffalo Products did contain significant amounts of chicken/poultry by-product mean, corn, rice, grains, soy and/or artificial ingredients. *Id.* at ¶¶ 9, 11, 18, 29, 32.

1

2. Blue Buffalo has denied liability and asserted multiple affirmative defenses. *See* Answer To Consolidated Class Action Complaint. Dkt. No. 45.

3. After much negotiation, the parties have arrived at a Settlement that will provide meaningful cash compensation, as well as injunctive relief, and avoid the risks and delay of further litigation. Plaintiffs separately have filed a Motion for final approval of the Settlement and certification of the Settlement Class.

4. Pursuant to the Settlement Agreement (Dkt. No. 160-1), Blue Buffalo has agreed to pay $32,000,000 into a common fund account for the benefit of all Settlement Class members who timely file a proper Claim Form.

5. Plaintiffs request this Court's approval of a total of $8,000,000 in attorneys' fees and expenses, representing 25% of the gross settlement amount. Use of the percentage method in this circuit is well established. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). Indeed, where fees are distributed from a common fund, it is the preferred method. *See West v. PSS World Med., Inc.*, 2014 WL 1648741, at *1 (E.D. Mo. Apr.24, 2014) ("where attorney fees and class members' benefits are distributed from one fund, a percentage-of-the-benefit method may be preferable to the lodestar method for determining reasonable fees.") (citations omitted); *accord Barfield v. Sho-Me Power Elec. Co-op.*, 2:11-CV-4321NKL, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015); *Wiles v. Southwestern Bell Tel. Co.*, 09-4236-CV-C-NKL, 2011 WL 2416291, at *4 (W.D. Mo. June 9, 2011); *see also In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 736 F. Supp. 1007, 1008-09 (E.D. Mo. 1990) (percentage of fund "is a more appropriate and efficient means of calculating an attorneys' fee award" than lodestar method).

6. The request of 25% of the gross settlement amount here is very reasonable, and in fact below the more typical one-third awarded in comparable cases. *See, e.g., Cromeans v. Morgan, Keegan & Co., Inc.*, 2:12-CV-04269-NKL, 2015 WL 5785576, at *3 (W.D. Mo. Sept. 16, 2015) report and recommendation adopted, 2:12-CV-04269-NKL, 2015 WL 5785508 (W.D. Mo. Oct. 2, 2015) (33.3% of fund reasonable)*; West* 2014 WL 1648741, at *1 (same); *Barfield*, 2015 WL 3460346, at *4 (same); *Sanderson v. Unilever Supply Chain, Inc.*, 10-CV-00775-FJG, 2011 WL 6369395 (W.D. Mo. Dec. 19, 2011) (awarding 33.78% of settlement fund); *Wiles*, 2011 WL 2416291, at *4-5  (33% of fund reasonable).

7. Courts may, but are not required to, use the lodestar method to cross-check the fairness of a percentage award. *See Petrovic*, 200 F.3d at 1157 (the lodestar approach is "sometimes warranted to double-check the result of the 'percentage of the fund method'"). Here, the hours and rates of Plaintiffs' counsel are summarized and submitted for the Court's examination. "[A] court performing a lodestar cross check need not scrutinize each time entry; reliance on representation by class counsel as to total hours may be sufficient." *In re NuvaRing Prods. Liab. Litig.*, No. 4:08 MDL 1964 RWS, 2014 WL 7271959, at *4 (E.D. Mo. Dec. 18, 2014); *accord  In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2012 WL 6085153, at *10 (E.D. Mo. Nov. 2, 2012), *report and recommendation adopted*, No. 4:06MD1811 CDP, 2012 WL 6085141 (E.D. Mo. Dec. 6, 2012), *aff'd*, 764 F.3d 864 (8th Cir. 2014) ("the court may rely on summaries of attorneys and need not review actual billing records.").

8. Based on the hours expended, and reasonable rates "normally charged in the community where the attorney practices," *In re Genetically Modified Rice Litig.*, 2012 WL 6085153, at *8, the lodestar is $2,900,213. The resulting multiplier is 2.7.

3

9. The multiplier need not fall within any pre-defined range, so long as the court's analysis justifies the award, such as when the multiplier is in line with multipliers used in other cases." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 999 (D. Minn. 2005). The multiplier here is well within the range of those applied in comparable cases.

10. The reasonableness of the requested fee award – under either the percentage method or the lodestar method – is supported by the "*Johnson*" factors approved in the Eighth Circuit. *See Barfield*, 2015 WL 3460346, at *5 ("Although the Eighth Circuit has not formally established fee-evaluation factors, . . . it has approved consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719–20 (5th Cir.1974)."). Particularly in light of the significant risks of litigation in this case, the settlement is an exceedingly good one for the class. It provides for significant monetary relief to class members, as well as injunctive relief. The case was prosecuted on a contingent basis, entailing substantial risk that the litigation would yield little or no recovery or compensation. The factual and legal issues are complex, and further litigation would be both costly and lengthy, with no certainty of success at trial or on appeal. Plaintiffs' counsel are highly experienced litigators in complex, class-action and/or multidistrict litigation recognized for high quality work and skill. Resolution has been both efficient and fair. Counsels' skill in "achieving a speedy and fair settlement" as well as the "use of informal discovery and cooperative investigation to provide the information necessary to analyze the case and reach a resolution." *King v. United SA Fed. Credit Union*, 744 F. Supp. 2d 607, 614 (W.D. Tex. 2010); see also *In re Charter Commc'ns, Inc., Sec. Litig.*, 2005 WL 4045741, at *21 (E.D. Mo. June 30, 2005) (noting approvingly that "[t]his is the type of complex litigation that easily could have dragged on for several more years. Instead, it had a relatively short stay of two and a half years on this court's docket because counsel litigated the

4

case efficiently and inexpensive."). The 25% requested is less than the 33% typically sought and awarded in class actions.

11. While there are objectors to the fee request, they are few in number. For all the reasons addressed in the accompanying Application, none demonstrate that the fee requested is unfair. *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002).

WHEREFORE, for the reasons discussed herein and the accompanying Application, Plaintiffs respectfully request this Court's order approving attorneys' fees in the amount of $7,847,946, and expenses in the amount of $152,054, for at total award of $8,000,000.

Dated: May 12, 2016          Respectfully Submitted,

    /s/ *Scott Kamber*
Scott A. Kamber (SK-5794,SDNY)
KamberLaw LLC
100 Wall Street 23rd floor
New York, NY 10005
P. (212) 920-3072
F. (212) 202-6364
skamber@kamberlaw.com

Deborah Kravitz, #275661CA
KamberLaw LLP
401 Center St., Suite 111
Healdsburg, CA
P. (707) 820-4247
F. (212) 202-6364
dkravitz@kamberlaw.com
    *Class Counsel and Chair of the Plaintiffs'*
    *Executive Committee*

The Simon Law Firm, P.C.
John G. Simon, #35231MO
800 Market Street, 17th FL
St. Louis, Missouri 63101
P. (314) 241-2929
F. (314) 241-2029
jsimon@simonlawpc.com
    *Liaison Counsel and Member Plaintiffs' Executive*
    *Committee*

Gray, Ritter & Graham, P.C.
Don M. Downing #30405MO
701 Market Street, Suite 800
St. Louis, MO 63101-1826
P. (314) 241-5620, ext. 2006
F. (314) 241-4140
ddowning@grgpc.com

Bursor & Fisher, P.A.
Joseph I. Marchese
Frederick J. Klorczyk, III
888 Seventh Ave.
New York, NY 10019
P. 646-837-7410
F. 212-989-9163
jmarchese@bursor.com
fklorczyk@bursor.com

Steelman, Gaunt & Horsefield
David Steelman, #27334MO
901 N Pine St
Rolla, MO 6540
P. (573) 341-8336
F. (573) 341.8548
dsteelman@steelmanandgaunt.com

*Members of Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 12, 2016 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

By: _/s/ *Deborah Kravitz*_____
Counsel for Plaintiffs