UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE: BLUE BUFFALO COMPANY, )
LTD. MARKETING AND SALES )
PRACTICES LITIGATION ) Case No. 4:14 MD 2562 RWS
)
)
RELATES TO: ALL CASES )

# FINAL ORDER AND JUDGMENT

This matter, having come before the Court on Plaintiffs' Motion for Final Approval, the Court after conducting a fairness hearing, considering all arguments in support of and/or in opposition to the Settlement Agreement, finds and/or orders the following:

1. The Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class.[1] The Court also possesses subject matter jurisdiction to approve the Settlement Agreement and all Exhibits thereto.

2. The Court finally certifies the following Settlement Class solely for purposes of this Settlement, finding that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied:

> All residents of the United States of America who, from May 7, 2008 through the Preliminary Approval Date, purchased any of the Blue Buffalo Products [listed on Ex. 1 to the Settlement Agreement].

3. Specifically excluded from the Settlement Class are the following:

   a) Released Persons;

   b) The Court and its personnel;

   c) All persons who have timely elected to exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 5.4 of the

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement (Dkt. 160-1).

Settlement Agreement who, thereupon, shall no longer be Settlement Class Members, shall not be bound by this Settlement Agreement or eligible to make a claim for any benefit under the terms of the Settlement Agreement; and

d) Class Counsel and Supporting Counsel.

4. The Court finds that each requirement of Rule 23(a) is satisfied:

a. First, the requirement of Rule 23(a)(1) is met in that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. CIV. P. 23(a)(1)). While there is no numerical requirement for satisfying numerosity, it is clear that the number of class members here satisfies this requirement. *See* Finnegan Decl ¶20 (Blue Buffalo identified over 1.9 million potential members of the Settlement Class).

b. The proposed Settlement Class also meets the commonality requirement of Rule 23(a)(2). Plaintiffs' claims "depend on a common contention . . . that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The threshold for commonality is low, requiring only that the issue "linking the class members is substantially related to the resolution of the litigation." *In re Zurn Pex Plumbing Prods. Liab. Litig.,* No. 08–MDL–1958 ADM/AJB, 2013 WL 716088, at *3 (D. Minn. Feb. 27, 2013). (internal citations and quotations omitted). Plaintiffs and all Settlement Class Members' claims arise from the same facts, focused on the common contention that Blue Buffalo's True Blue Promise assured customers that its products contained "NO Chicken or Poultry By-Product Meals," "NO Corn, Wheat, or Soy," and "NO Artificial Preservatives, Colors or Flavors." Plaintiffs' core allegations are that Blue Buffalo breached its True Blue Promise because "[s]cientific testing reveals that contrary to the

True Blue Promise, the Blue Buffalo Products do, in fact, contain significant amounts of chicken/poultry by-product meal[,] [and] also contain corn, rice, grains, soy and/or artificial preservatives." Compl. & Am. Compl. at ¶9. Core common issues include: whether Blue Buffalo products contained chicken or poultry by-product meals, corn, wheat, soy and/or artificial preservatives, colors or flavors; whether the True Blue Promise was misleading; whether Blue Buffalo warranted that its products would conform to the True Blue Promise; and whether Blue Buffalo breached those warranties, violated state consumer protection statutes, and/or was unjustly enriched. Accordingly, commonality is met.

      c.      The typicality requirement also is met. "Typicality requires the plaintiff to show 'the claims or defenses of the representative parties are typical of the claims or defenses of the class [.]'" *Claxton v. Kum & Go, L.C.,* 6:14-CV-03385-MDH, 2015 WL 3648776, at *3 (W.D. Mo. June 11, 2015) (quoting Fed. R. Civ. P. 23(a)(3)). "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir.1995). Typicality exists when there are "other members of the class who have the same or similar grievances as the plaintiff." *In re Zurn Pex*, 2013 WL 716088, at *3. Class representatives "need not share identical interests with every class member, but only 'common objectives and legal and factual positions.'" *Claxton*, 2015 WL 3648776, at *3 (quoting *In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.,* 716 F.3d 1057, 1064 (8th Cir. 2013)). Here, Plaintiffs' claims "emanate from the same legal theory or offense as the claims of the class," thereby satisfying typicality. *Doran v. Mo. Dep't of Soc. Servs.,* 251 F.R.D. 401, 405 (W.D. Mo. 2008). Plaintiffs and Settlement Class Members all are alleged to have purchased Blue Buffalo Products, to have been

exposed to the same True Blue Promise, and to have paid a price premium. It is alleged that Plaintiffs and class members were injured in the same manner, and each Class Representative's interests are co-extensive with those of the proposed class. *See Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 568 (S.D. Iowa 2011) (typicality requirement was "clearly met" where each settlement class member's grievance was based upon the same alleged misleading statements by defendant).

   d. Adequacy examines whether the Plaintiffs and their attorneys "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a)(4). Adequacy focuses on whether Plaintiffs' attorneys are "qualified, experienced, and generally able to conduct the proposed litigation," and whether Plaintiffs have "interests antagonistic to those of the class." *Claxton*, 2015 WL 3648776, at *4 (quoting *Lane v. Lombardi*, 2012 WL5462932, at *3 (W.D. Mo. Nov. 8, 2012)). The requirements of Rule 23(a)(4) are satisfied here. There is no indication that Plaintiffs' interests are antagonistic to those of the class or that the claims were not vigorously pursued. Furthermore, Settlement Class Counsel have significant experience in prosecuting class actions and complex cases. As a result, each Rule 23(a) prerequisite has been met.

  5. The Court also finds that the proposed Class meets the requirements of Rule 23(b)(3), authorizing certification where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Claxton*, 2015 WL 3648776, at *4; Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor,* 521 U.S. 591, 623 (1997).

a. Here, all Settlement Class Members share a common legal grievance. Common legal and factual questions are central to all claims and predominate over any individual questions that may exist.

b. Resolution of these common legal claims through a class-wide settlement and claims process is a superior way to proceed. Rule 23(b)(3) lists four factors for courts to consider in determining whether a class action is superior, and each of these factors supports a class-wide resolution. Fed. R. Civ. P. 23(b)(3)(A)-(D). Settlement Class Members have little interest in individually controlling separate lawsuits and settlement given the relatively small individual economic injuries involved, and those who do may choose to opt out of the Settlement. The Judicial Panel on Multidistrict Litigation already has determined that this Court is an appropriate forum in which to concentrate class members' claims. Finally, there is no issue respecting manageability of a class trial as "the proposal is that there be no trial." Amchem 521 U.S. at 620. A class action "avoid[s] potential duplicative litigation and . . . save[s] the parties time and legal costs to adjudicate common legal and factual issues," and thus, is "superior to other available methods for fairly and efficiently adjudicating the controversy." Claxton, 2015 WL 3648776, at *4-5. Resolution of all claims, which arise from a common course of conduct, through a class-wide settlement is a practical and proper course of action.

6. The Court grants final approval to the Settlement Agreement as being fair, reasonable and adequate as to all parties and in compliance with all requirements of due process and applicable law.

7. Notice was provided to class members in the manner directed by the Court. The Settlement Class Notice implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice, (b) constituted notice

that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief, (c) constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) met all applicable requirements of due process and any other applicable law.

8. While there have been objections, they are small in number, which speaks well of class reaction to the Settlement. In accordance with the directives of the Eight Circuit, the Court considers the fairness of the Settlement to the class as a whole. *Marshall v. Nat'l Football League*, 787 F.3d 502, 519-20 (8th Cir. 2015). The factors identified in this circuit for assessing fairness of the Settlement have all been considered. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). Based on those factors, and mindful of the general policy favoring settlements, *Little Rock Sch. Dist. v. Pulaski County Special Sch.Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990), the Court concludes that the Settlement is fair, reasonable and adequate. Investigation and discovery has proceeded "to a point at which an informed assessment of its merits and the probable future course of the litigation can be made." *E.E.O.C. v. McDonnell Douglas Corp.*, 894 F. Supp. 1329, 1334 (E.D. Mo. 1995). The Court further finds that the Settlement Agreement was negotiated at arm's length with no collusion by well-informed counsel and with the assistance of a neutral mediator, a strong indication of any lack of collusion and arms-length negotiation. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). There is no evidence in the record calling Blue Buffalo's financial condition into question, and indeed, Blue Buffalo has already deposited $32 million into the Settlement Fund. Having taken the risks and benefits into consideration, the parties and their counsel agree that the Settlement is fair and reasonable, and these views are entitled to considerable weight. *DeBoer*,

64 F.3d at 1178; *In re Zurn Pex*, 2013 WL 716088, at *6. The Court likewise has thoroughly considered the objections asserted and they are rejected.

8.     Each of the objections submitted in this matter is overruled. The objections regarding the settlement value are without merit. This Court finds that the relief provided to the class is fair, reasonable and adequate. A relatively few individuals who express a belief that he or she suffered divergent or substantially greater injury than the class as a whole does not defeat class certification nor settlement and the appropriate remedy for them is to opt-out of the class. The objections that raise individual state law claims are not well taken as the Settlement is evaluated in its entirety, rather than on a claim by claim basis. Viewing the Settlement as a whole, the Court finds that it satisfies the Rule 23 requirements, and that the objections are therefore unavailing. The relief obtained here, when weighed against the complexities and uncertainties of the litigation and the certainty of lengthy litigation in the absence of a settlement, support the Settlement, which avoids significant risk and delay and affords meaningful relief to Settlement Class Members. Upon consideration of all relevant factors, the Court finds that the Settlement is in the best interests of the class as a whole and is fair, reasonable and adequate.

10.    The Court also approves payment of balance of costs and expenses due and owing to the claims administrator, Heffler Claims Group, in an amount no greater than the $1.4 million maximum expense set forth at preliminary approval.

11.    The Court also approves an incentive award to each named Plaintiff in the amount of $1,500. Under the Settlement, Blue Buffalo has agreed to pay incentive awards to the named plaintiffs separate from, and in addition to, the $32 million common fund. Stipulation of Settlement (Dkt. No. 160-1) at §§1.13, 2.3-2.4, 3.2. Accordingly, the incentive awards will not reduce amounts available to class members from the fund. Incentive awards are commonly

approved for class representatives' service to the class. The amount here is modest and warranted.

11. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

12. The Court orders the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions. The Parties, without further approval from the Court, are authorized to agree to and adopt such amendments, modifications and expansions of the Settlement and all Exhibits thereto as (a) shall be consistent in all material respects with the Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class.

13. The Settlement Agreement and this Final Order and Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Section 6 of the Settlement) maintained by or on behalf of the Plaintiffs and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors and assigns.

14. Under the Settlement Agreement there is no reversion of Settlement funds to Blue Buffalo. The Court is advised that it is the intent and goal of the Parties to distribute as much of the settlement fund (after reduction for administrative costs and attorneys' fees and expenses) to Settlement Class Members as feasible. If, however, unclaimed funds remain, Class Counsel is directed to make application to this Court for proposed distribution that reflects recipients having "as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682 (8th Cir. 2002). The Court will at that time determine the

appropriateness of such distribution and select a recipient. The Court finds no reason to believe that the total funds remaining will be anything more than a de minimis dollar amount.

15. Upon the Effective Date, the Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any released Claims against Defendants and/or any Released Persons, and any such Settlement Class Members shall have released any and all released Claims as against Defendants and all Released Persons as provided in the Settlement Agreement.

16. The Court enjoins all Settlement Class Members who did not timely exclude themselves from the Settlement Class from: (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action; (b) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action; and (c) attempting to effect exclusion, or Opt-Outs, of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action.

17. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) is bound by all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously

initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

18. The Court approves the Amended Exclusion List ("Opt-Out List") provided by the Claims Administrator and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment.

19. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over the Claims Administrator, Defendant, the Named Plaintiffs and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and Final Order and Judgment, and for any other necessary purposes.

20. The Court dismisses this lawsuit (including all of the underlying suits transferred to the Court by the Judicial Panel on Multidistrict Litigation and all individual and class claims presented thereby) on the merits and with prejudice and without fees or costs except as provided herein or any other Order entered by the Court, in accordance with the terms of this Final Order and Judgment. The Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Claims against Defendants and the Released Persons.

21. The Court will address Attorneys' Fees and Costs in a separate Order.

IT IS SO ORDERED

Dated: June 16, 2016

By: _____
UNITED STATES DISTRICT JUDGE