UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: BLUE BUFFALO COMPANY, LTD. MARKETING AND SALES PRACTICES LITIGATION | Case No. 4:14 MD 2562 RWS |

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
AWARDING FEES AND COSTS

This matter, having come before the Court on Plaintiffs' Application for Attorneys' Fees and Expenses, and after conducting a fairness hearing, considering all arguments in support of and/or in opposition to the Plaintiffs' Application for Attorneys' Fees and Expenses, finds and/or orders the following:

1. On December 23, 2014, the Court appointed Scott A. Kamber of KamberLaw, LLC, to act as Interim Class Counsel under FRCP 23(g) and Chair of the Plaintiffs' Executive Committee. This Court further appointed John G. Simon of the Simon Law Firm, P.C. as Liaison Counsel, and an Executive Committee comprised of Mr. Kamber, Mr. Simon, Don M. Downing of Gray Ritter & Graham, P.C., David Steelman of Steelman, Gaunt & Horsefield, and Joseph I. Marchese of Bursor & Fisher, P.A.

2. On December 18, 2015, the Court appointed Scott A. Kamber to act as Settlement Class Counsel.

3. Notice of Class Counsel's Fee Motion was directed to the Class in a reasonable manner pursuant to Federal Rules of Civil Procedure 23(h) and 54(d).

4. On May 19, 2016, a hearing on Class Counsel's Application for Fees and Expenses was held in conjunction with Plaintiffs' Motion for Final Approval of Class Action Settlement;

5.      Eight of the Class Members that lodged objections to the Settlement also objected to Class Counsel's Fee Motion by the deadline for submitting objections or objected at the hearing.

6.      In accordance with Rule 23 of the Federal Rules of Civil Procedure, Blue Buffalo Compay, Ltd. has agreed, subject to Court approval, to pay an award of attorneys' fees and reimbursable expenses to Class Counsel, which payment will, as stipulated in the Settlement Agreement, cover all attorneys' fees and reimbursable expenses for all counsel for all Plaintiffs, in an amount not to exceed $8 million, which is 25% of the total settlement fund of $32 million, net of interest.

7.      While the Parties have agreed on the amount of attorneys' fees and expenses, the Court nonetheless has discretion over the amount to be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). *See also* Fed. R. Civ. P. 23(e).

8.      Settlement Counsel has applied for an award of fees in the amount of $7,847,946, and expenses in the amount of $152,054, which corresponds to the $8 million amount enumerated in the settlement agreement. As stated in Plaintiffs' Application, the 25% fee award sought in this matter corresponds to a lodestar multiplier of 2.7.

9.      The Court makes this Order under Federal Rule of Civil Procedure 23(h) and specifically makes these findings and decisions pursuant to Rule 52(a).

10.     The Court approves attorneys' fees in an amount of $7,847,946, and expenses in an amount of $152,054. The Court has reviewed all factors relevant to the award of an attorneys' fee, including the novelty and difficulty of questions presented, the contingent nature of the action and the result obtained on behalf of the Class. "[C]ourts in this circuit . . . have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund." *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 2011 WL 5547159, at *1 (N.D.

Iowa Nov. 9, 2011) (quoting *In re Xcel Energy, Inc., Sec., Derivative & '"ERISA" Litig.*, 364 F. Supp. 2d 980, 998 (D. Minn. 2005) (collecting cases)). Higher awards of one-third are common. *In re Charter Commc'ns, Inc., Sec. Litig.*, 2005 WL 4045741, at *21 (E.D. Mo. June 30, 2005). Although not required to do so, the Court also has cross-checked the fee request under a lodestar analysis and finds the information submitted pertaining to lodestar hours and rates to be sufficient, the hours and rates to be reasonable, and the resulting multiplier "in line with multipliers used in other cases." *In re Xcel*, 364 F.Supp.2d at 999. The Court also has considered factors approved in this circuit for assessing reasonableness of fee requests, *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 n. 3 (8th Cir. 2007), and finds them supportive of the fee requested. The Court also has thoroughly considered the objections to the fee requested, which are few in number, and rejected them. None of the objections demonstrated the requested fee and expense award to be unfair. *In re U.S. Bancorp Litig.*, 291 F.3d at 1038.

11. The Court finds that the total time expended by plaintiffs' counsel was reasonable, particularly in light of the result achieved. The Court has further reviewed the geographic location and experience of the attorneys who worked on this matter and finds that the hourly rate charged by counsel and reflected in the fee application is reasonable. The Court notes that even if this Court normalized rates to those that reflect local practice that it would not have materially impacted the Lodestar cross check, or in any way changed this Court's analysis.

12. The Court finds that the payment of attorneys' fees and expenses to Class Counsel as set forth in the Settlement Agreement is fair, reasonable and adequate. Accordingly, the Court approves an award from the Settlement Fund of $7,847,946 to pay Class Counsel's attorneys' fees, plus $152,054 to reimburse Class Counsel for payment of costs and expenses reasonably incurred in prosecuting and settling the Litigation. Neither Class Counsel's application for attorneys' fees and reimbursement of expenses nor any order entered by this Court thereon

shall in any way disturb or affect the Judgment, and all such matters shall be construed separately from the Judgment. This Court shall retain jurisdiction for any and all disputes related hereto.

13. Class Counsel, in its discretion, and as ratified by a majority of the Executive Committee, shall have the right and obligation to distribute fees to those attorneys who served in Leadership as well as any other Plaintiffs' counsel that Class Counsel has found provided a benefit to the Class.

14. Other than as stipulated in the Settlement Agreement, no Defendant shall be liable for any attorneys' fees or reimbursable expenses incurred by counsel for any Plaintiffs in this or related to this Action.

Dated: June 16, 2016

_____
United States District Court Judge