RECEIVED

AUG 08 2016

BY MAIL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

IN RE; BLUE BUFFALO COMPANY
LTD. MARKETING AND SALES
PRACTICES LITIGATION

**Case No.: 4:14-MD-2562-RWS**

## RESPONSE TO MOTION TO POST BOND AND MEMORANDUM IN SUPPORT

To the Honorable District Judge

Class Member Gary Sibley, hereinafter "Sibley" files this, his response to the Class Counsel's Motion for Appeal Bond and Memorandum in Support, and would respectfully show the Court the following:

**I.**

## CLASS COUNSEL'S MOTION IS INAPPROPRIATE

Class Plaintiffs may obtain a bond for anticipated costs under Rule 7 FRAP, but those costs are limited to those set forth in Rule 39 FRAP. Class Counsel admit to including in the amount of the bond administrative costs, costs of delay and attorney fees (Page 22 of their Memorandum in Support of their Motion for Appeal Bond). These costs are not permitted under Rule 7 FRAP. The "minimum of" $150,309.00 sought by class counsel from Sibley is not a conservative amount, is not for costs, but simply to deter appeals. Class Plaintiffs claimed bond cost items that are not bondable on appeal under the facts of this case. Under Rule 7 FRAP, a bond cannot include attorneys' fees, costs of delay or administrative costs. Sibley's objections to the fairness of the settlement and Class Counsel's attorneys' fees are not frivolous and their appeal is highly unlikely to be declared so by the appellate panel.

It is clear that Class Counsel is seeking the $150,309.00 bond from Sibley in an attempt to stifle objectors' appeal from this Court's approval of the settlement and their attorneys' fees. That is not a proper use of the rules relating to bonding, and the Court should not allow the rules

RESPONSE TO MOTION FOR APPEAL BOND   Page 1

to be used punitively. Rule 7 FRAP does not envision such use. Class Counsel are attempting to use a cost bond as a supersedeas bond, which must not be permitted because the meaning of the phrase "cost of appeal" in Rule 7 FRAP is a question of law. *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007). The actual costs are likely to be less than one thousand dollars. By way of example, in *Dewey v. Volkswagon AG*, Cause No. 10-3618. 3rd Circuit (a far more complicated case), the entire cost on appeal was $2,978.68. In *Nutella Marketing*, Cause No. 12-3456, 3rd Circuit, the total cost of appeal was $678.40. All these figures are miniscule compared to Class Plaintiffs request.

## II.
## NEITHER THE OBJECTIONS TO ATTORNEYS FEES NOR THE APPEALS ARE FRIVOLOUS

The overarching theme of Class Plaintiffs' request for a $150,309.00 bond is that Sibley's objection to the settlement and Class Counsel's fees is frivolous and filed by professional objectors. Class Counsel is long on name calling, but short on law and legally wrong.

First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding attorney's fees shows reasonable people often differ on this issue. 28 U.S.C. Section 1927 which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal as it requires "bad faith or intentional misconduct by counsel." Although the imposition of attorney's fees on appeal as a sanction is allowed under rule 38 FRAP, it is only available after the appellate court finds the appeal frivolous... and only upon further motion and hearing. See, *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

It is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); In re:

*American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985).  Only the appellate court

has the authority to impose sanctions for a frivolous appeal.  *Azizian*, 499 F.3d at 960; In re:

*Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993) citing In re: *American President Lines, Inc.*, 779 F.2d

714, 717 (D.C. Cir. 1985).

### III.
### BONDABLE COSTS DO NOT INCLUDE ATTORNEY'S FEES, ADDITIONAL ADMINISTRATIVE EXPENSES OR DELAY COSTS AND INTEREST

The bond that Class Plaintiffs seek is simply not permitted by Rule 7 FRAP where a

court's discretion is limited to costs available under rule 39 FRAP.  Class Plaintiffs have made

no showing that these appellate costs will be anywhere near the $150,309.00 that is sought,

contrary to Class Counsel's absurd claims and estimates.  Costs recoverable under Rule 39

FRAP for an appellee and thus allowed to be included in a Rule 7 FRAP appeal bond are the

'necessary copies of a brief or appendix," "preparation and transmission of the record," and "the

reporter's transcript."

The Plaintiffs have no grounds to insinuate that an appeal by Sibley is in bad faith or

without merit.  The attempt to require the excessive bond is nothing but a thinly disguised

attempt to deny class members their right to have the appeal heard.

During the deposition of Gary Sibley, attached as an Exhibit to Class Counsel's Motion,

starting at Page 93, Mr. Sibley was questioned about his ability to post a bond on appeal.

Contrary to Class Counsel's assertion that there was no evidence that the objectors are unable to

pay the cost of the bond, Sibley specifically stated that he could post a bond in the amount of

$15,000.  Sibley has posted bonds in other cases and has never failed to pay costs.

Class Counsel is incorrect in asserting there is no good faith basis for appealing the

court's order approving settlement.  An appeal should be decided by the appellate court and to

the extent that an appellate court finds that an appeal is "frivolous," the remedy is a motion in the

appellate court under Rule 38 FRAP and/or a Rule 27 FRAP motion to summarily dismiss an appeal, not a district court order issuing a punitive appeal bond.

Courts have routinely limited the amount of appeal bonds. See, *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007), *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011), *In re American President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985) and *In re: Enfamil Lipil Mktg. and Sales Prac. Litig.*, No 11-md-02222, 2012 U.S. Dist. LEXIS 49254 (.D. Fla. Apr. 9, 2012).

The proposed amount is excessive under Rule 7 FRAP and there is no fee shifting statute that Class Counsel can use to justify their request. As was succinctly stated by the Court in *Nutella Marketing*, Cause No. 12-3456, 3rd Circuit:

> [Rule 39(e) lists the following costs as taxable in the district court for the benefit of the party entitled to costs: the preparation and transmission of the record; the reporter's transcript; premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and the fee for filing the notice of appeal. This Court has stated that ordinarily, "costs" for the purposes of Rule 39 should be defined with reference to 28 U.S.C. § 1920. *McDondald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992)]

[Case: 12-3456 Document 003111849025 Page: 2]

# IV.
# PLAINTIFFS ATTEMPT TO SMEAR SIBLEY AS A "SERIAL OBJECTOR" IS BASELESS AND DEFAMATORY

Objector Sibley is a legitimate class member, who followed all the regular procedures required of him to join this action. Sibley is a pet owner who purchased and fed his dogs, Biggie and Bebe, Blue Buffalo products as specified in his complaint. Any claim that Sibley is a "serial objector" is false, defamatory and an attempt to deter him and other consumers from exercising their rights to seek adequate, fair and responsible legal redress of damages suffered. Of course it could be said that class counsel are serial abusers of the class action system by filing actions on behalf of consumers with only the intent to line their own pockets.

Moreover, the exercise of an individuals' right to object is part of the settlement process as specified in the Stipulation of Settlement section 5.3 and referenced by Plaintiffs Counsel in their Memorandum in Support of Motion for Appeal Bond.

The accusation that Sibley is a serial objector is baseless, and the alleged facts stated by Plaintiffs counsel to support their contention show only an individual consumer who is educated about the legal options open to him. That Sibley is aware of his rights as a consumer and chooses to exercise them does not constitute being a "serial objector" and any assertion to the contrary is false and an attempt to corrupt the proceedings.

Plaintiffs counsel's attempts to smear Mr. Sibley do not distract from the fact that class members do not believe Plaintiffs counsel represented class members best interests, rather, conducted closed door settlement negotiations with their own financial best interests at heart and details of the settlement reflect this self service. Sibley's office has received numerous calls from other class members who voice the same concerns, suspicions and dissatisfaction with Plaintiffs Counsels performance and the settlement agreement they forged. That larger numbers of class members did not object is only the result of their lack of experience reading legal documents and knowledge they could do so. As evidenced in the Fairness Hearing, there were many gaps in what and how information was transmitted to class members. At the Fairness Hearing, attorneys involved in settlement negotiations congratulated themselves on a speedy operation and swift settlement. Properly contacting and informing class members of options and changes was sacrificed in this rush to payment. Regardless of insults to Sibley and other objectors, Class Counsel's failure to maintain adequate dialog with class members caused the issues that are the basis of Sibley's objections. Plaintiffs counsel may "object" to being publicly criticized for their greed and malfeasance, but they may not restrict class member's legal right to do so.

## PRAYER/CONCLUSION

Sibley hereby requests the Court to deny Class Counsel/Plaintiff's Motion for Appeal Bond, or in the alternative, to require a bond of no more than $500.00 per appeal and for any further relief that the court deems proper. Class Counsel's request for an overinflated bond shows an ignorance of and a disregard for the law and borders on sanctionable conduct.

Respectfully submitted,

*/s/ Gary W. Sibley*

Gary W. Sibley
TX Bar No.: 18337700
The Sibley Firm
2711 N. Haskell, Suite 550
Dallas, TX 75204
(214) 522-5222
(214) 855-7878 (Fax)
g@juris.cc

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following by email on August 5, 2016.

Respectfully submitted,

*/s/Gary W. Sibley*

Gary W. Sibley
S.B. 18337700
2711 N. Haskell, Suite 550
Dallas, TX 75204
(214) 522-5222 FAX: (214) 855-7878
g@juris.cc

## ATTORNEYS FOR PLAINTIFFS

John G. Simon, (#35231MO)
The Simon Law Firm, P.C.
800 Market Street, 17th FL
St. Louis, Missouri 63101
P. (314) 241-2929
F. (314) 241-2029
**jsimon@simonlawpc.com**

Scott A. Kamber (SK-5794, SDNY)
KamberLaw LLC
100 Wall Street 23rd floor
New York, NY 10005
8816 Manchester Road   Box 250
St. Louis, MO  63144
P. (212) 920-3072
F. (212) 202-6364
**skamber@kamberlaw.com**

Deborah Kravitz, (#275661CA)
KamberLaw LLP
401 Center St., Suite 111
Healdsburg, CA
P. (707) 820-4247
F. (212) 202-6364
**dkravitz@kamberlaw.com**

Gray, Ritter & Graham, P.C.
Don M. Downing (#30405MO)
701 Market Street, Suite 800
St. Louis, MO 63101-1826
P. (314) 241-5620, ext. 2006
F. (314) 241-4140
**ddowning@grgpc.com**

Bursor & Fisher, P.A.
Joseph I. Marchese
Frederick J. Klorczyk III
888 Seventh Ave.
New York, NY 10019
P. 646-837-7410
F. 212-989-9163
**jmarchese@bursor.com**
**fklorczyk@bursor.com**

Steelman, Gaunt & Horsefield
David Steelman, (#27334MO)
901 N Pine St
Rolla, MO 6540
P. (573) 341-8336
F. (573) 341.8548
**dsteelman@steelmanandgaunt.com**

**ATTORNEY FOR BLUE BUFFALO**
Gerard T. Carmody, #24769
Carmody MacDonald PC
120 South Central Ave., Suite 1800

St. Louis, MO 63105
(314) 854-8600
(314) 854-8660 (FAX)
**GTC@carmodymacdonald.com**
**gtc@carmodymacdonald.com**
**ana@carmodymacdonald.com**
**mrd@carmodymacdonald.com**
**tls@carmodymacdonald.com**

## ATTORNEY FOR DEFENDANT
Steven A. Zalesin
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
**sazalesin@pbwt.com**
**mcolitigation@pbwt.com**

## ATTORNEYS FOR OBJECTOR/ CLASS MEMBER LOPEZ
Timothy Belz
Bar No.: MO31808
Ottsen, Leggat & Belz
Telephone: (314) 726-2800
Facsimile: (314) 863-3821
**tbelz@omlblaw.com**

J. Matthew Belz
Bar No.: MO61088
Ottsen, Leggat & Belz
Telephone: (314) 726-2800
Facsimile: (314) 863-3821
**jmbelz@olblaw.com**

Robert W. Clore
BANDAS LAW FIRM, P.C
500 N. Shoreline Blvd., Ste. 1020
Corpus Christi, Texas 78401-0353
Telephone: (361) 698-5200
Facsimile: (361) 698-5222
**rclore@bandaslawfirm.com**

RECEIVED

AUG 0 8 2016

BY MAIL

Clerk of the Court
U.S. District Court
Eastern District of Missouri
111 So. 10th Street
St. Louis, Missouri 63102

## THE SIBLEY FIRM
### Attorneys and Counselors

August 5, 2016

**RE:**  **In Re: Blue Buffalo Company, Ltd. Marketing and Sales Practices Litigation**

Dear Sir or Madam:

Please find enclosed my Response to Plaintiff's Counsels Motion for Appeal Bond. A copy of this document has been sent to all parties listed below via email to the email addresses indicated in bold type..

If you have any questions, please contact my office. Thank you for your attention to this matter.

Sincerely,

Gary W. Sibley

GWS/sj
Enclosure

**ATTORNEYS FOR PLAINTIFFS**
John G. Simon, (#35231MO)
The Simon Law Firm, P.C.
800 Market Street, 17th FL
St. Louis, Missouri 63101
P. (314) 241-2929
F. (314) 241-2029
**jsimon@simonlawpc.com**

Scott A. Kamber (SK-5794,SDNY)
KamberLaw LLC
100 Wall Street 23rd floor
New York, NY 10005
8816 Manchester Road   Box 250
St. Louis, MO  63144
P. (212) 920-3072
F. (212) 202-6364
**skamber@kamberlaw.com**

Deborah Kravitz, (#275661CA)
KamberLaw LLP
401 Center St., Suite 111
Healdsburg, CA
P. (707) 820-4247
F. (212) 202-6364
**dkravitz@kamberlaw.com**

Gray, Ritter & Graham, P.C.
Don M. Downing (#30405MO)
701 Market Street, Suite 800
St. Louis, MO 63101-1826
P. (314) 241-5620, ext. 2006
F. (314) 241-4140
**ddowning@grgpc.com**

Bursor & Fisher, P.A.
Joseph I. Marchese
Frederick J. Klorczyk III
888 Seventh Ave.
New York, NY 10019
P. 646-837-7410
F. 212-989-9163
**jmarchese@bursor.com**
**fklorczyk@bursor.com**

Steelman, Gaunt & Horsefield
David Steelman, (#27334MO)
901 N Pine St
Rolla, MO 6540
P. (573) 341-8336
F. (573) 341.8548
**dsteelman@steelmanandgaunt.com**

### ATTORNEY FOR BLUE BUFFALO
Gerard T. Carmody, #24769
Carmody MacDonald PC
120 South Central Ave., Suite 1800
St. Louis, MO  63105
(314) 854-8600
(314) 854-8660 (FAX)
**GTC@carmodymacdonald.com**
**gtc@carmodymacdonald.com**
**ana@carmodymacdonald.com**
**mrd@carmodymacdonald.com**
**tls@carmodymacdonald.com**

**ATTORNEY FOR DEFENDANT**
Steven A. Zalesin
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
**sazalesin@pbwt.com**
**mcolitigation@pbwt.com**

**ATTORNEYS FOR OBJECTOR/ CLASS MEMBER LOPEZ**
Timothy Belz
Bar No.: MO31808
Ottsen, Leggat & Belz
Telephone: (314) 726-2800
Facsimile: (314) 863-3821
**tbelz@omlblaw.com**

J. Matthew Belz
Bar No.: MO61088
Ottsen, Leggat & Belz
Telephone: (314) 726-2800
Facsimile: (314) 863-3821
**jmbelz@olblaw.com**

Robert W. Clore
BANDAS LAW FIRM, P.C
500 N. Shoreline Blvd., Ste. 1020
Corpus Christi, Texas 78401-0353
Telephone: (361) 698-5200
Facsimile: (361) 698-5222
**rclore@bandaslawfirm.com**

THE SIBLEY FIRM

Attorneys and Counselors

2711 North Haskell Avenue · Suite 550 · Dallas. Texas 75204

RECEIVED

AUG 08 2016

BY MAIL




$000.67⁵

02  1P
0000646620  AUG 05  2016
MAILED FROM ZIP CODE 75204

Clerk of the Court
U.S. District Court
Eastern District of Missouri
111 So. 10ᵗʰ Street
St. Louis, Missouri 63102

63102\$1123 C009