IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE BLUE BUFFALO COMPANY, ) <br> LTD. MARKETING AND SALES      ) <br> PRACTICES LITIGATION                   ) <br>                                                         ) <br> RELATES TO: ALL CASES               ) | Case No. 14-md-02562-RWS |

**REPLY TO OBJECTOR PAMELA SWEENEY'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND**

On July 29, 2016, Plaintiffs, on behalf of themselves and others similarly situated, moved this Court to impose an appeal bond on objectors Pamela Sweeney, Pamela McCoy, Paul Lopez, Gary Sibley, and Caroline Nadola and their counsel.  *See* Motion for Appeal Bond, Dkt. No.  232; Memorandum in Support of Motion for Appeal Bond, Dkt. No. 233 ("Mem. in Supp.")  Mr. Lopez filed an opposition on August 5, 2016 (Dkt. No. 237), and Mr. Sibley and Ms. Nadola filed oppositions on August 8, 2016 (Dkt. Nos. 238, 239).  Mrs. Sweeney, who on August 15, 2016, filed a motion for extension of time to pay her overdue appellant filing fee (Dkt. No. 241), did not timely oppose the motion for appeal bond.  Plaintiffs, with leave, filed their Reply to the oppositions on August 18, 2016.  Dkt. No. 251.

On September 13, 2016, Mrs. Sweeney filed an opposition to the motion for appeal bond. Dkt. No. 260.  At the outset, that opposition should not be considered because it is well out of time. The oppositions were due by August 8.  *See* Local Rule 7-4.01 (B) (except by order of the Court, oppositions are due seven days after service of a motion); Fed. R. Civ. P. 6(d).  Mrs. Sweeney's opposition is untimely by more than a month.  Mrs. Sweeney was cognizant enough of procedural rules to seek an extension of time by which to pay her appellant fee, but did not seek additional time in which to file an opposition to the motion for appeal bond.  Nor did she seek leave to file out of time.  As such, her opposition should not be considered.

1

Even if considered, the opposition has no substance.  Mrs. Sweeney cites *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *2 (D. Minn. Sept. 11, 2012), in which the Court ***did*** impose a bond, observing in no uncertain terms that they "are often required on appeals of class action settlements . . . because the appeal effectively stays the entry of final judgment, the claims process, and payment to all class members." *Id*. at *2.  Considerations justifying an appeal bond are: an appellant's ability to post a bond and risk of nonpayment; merits of the appeal; and vexatious conduct, including the objectors' status as a serial objector.  *Id.*  Each factor is satisfied here.

It is incontrovertible that Mrs. Sweeney bears the burden to demonstrate inability to post a bond.  *See* Dkt. No. 233 at 14 (citing *Hill v.State St. Corp.*, CIV.A. 09-12146-GAO, 2015 WL 1734996, at *3 (D. Mass. Apr. 16, 2015) (bond movants did not bear burden of establishing another party's financial condition); *In re Gen. Elec. Co. Sec. Litig.,* 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014) (imposing bond where appellant "has provided no evidence suggesting that he would be financially unable to post $54,700 for an appeal bond").  At deposition, Mrs. Sweeney did not claim such an inability, but rather, denied having information to answer that question.  Mem. in Supp. (Dkt. No. 233) at 14 (citing Sweeney Dep. at 69-70).[1]  In assessing risk of non-payment,

---

[1] *See also* Sweeney Dep. (Dkt. No. 233-1) at 70 ("**Q** Could you personally post a $170,000 bond if you were required by the court to do so? **A** I can't answer that. **Q** Why not? **A** I don't have enough information . . . **Q** Okay.  Could you post a $10,000 appellate bond if required to do so by the court? **A** I don't have the information to answer that.").  In seeking an extension to pay her appellant filing fee, and now in opposing the bond motion, Mrs. Sweeney provides no more than bald, conclusory assertions that she is not currently employed (without any representation that she has no other source of payment), is unable to pay the appellant filing fee until September 30 (without explanation) (Dkt No. 241), and has had some sort of "financial issues" (Dkt. No. 260) she does not disclose or attempt to explain.  The proposition for which Mrs. Sweeney cites  *In re Uponor*, accurately reproduced, is that an appeal bond should not create "an impermissible barrier to appeal."  2012 WL 3984542 at *2 (quoting *Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir. 1998).  Mrs. Sweeney has not demonstrated an inability to post an appeal bond (or pay her filing fee), much less an "impermissible barrier" to appeal.  *See Adsani* 139 F.3d at 79 (without a showing of financial hardship, bond of $35,000 "is not an impermissible barrier to appeal").  Moreover, this Court may make the objectors jointly and severally liable for the bond payment.  *In re Uponor*,  2012 WL 3984542, at *2 (citing *In re Ins. Brokerage Antitrust Litig.*, CIV A 04-5184 GEB, 2007 WL 1963063, at *3 (D.N.J. July 2,

2

courts recognize that objectors geographically disbursed would present additional expense should collection actions be required. *Heekin v. Anthem, Inc.,* 1:05-CV-01908-TWP, 2013 WL 752637, at *2 (S.D. Ind. Feb. 27, 2013). Mrs. Sweeney lives in Wisconsin. Dkt. Nos. 184, 221, 260. As previously argued, Mrs. Sweeney's objections wholly lack merit. *Id.* at 6-7, 15-16. Mrs. Sweeney ignores this point entirely. Finally, Mrs. Sweeney is a serial objector. *See id.* at 5-6 & n. 3 (Mrs. Sweeney has been an objector in at least six prior class actions, has appealed at least twice, and is married to attorney Patrick Sweeney, also a known serial objector). Mrs. Sweeney takes issue with what she characterizes as "name calling," (Dkt. No. 260 at 1) but, quite tellingly, does not deny her repeat objections and appeals. There is nothing remotely untoward in pointing out this behavior; to the contrary, courts routinely consider it in imposing a bond as well illustrated in the numerous cases Plaintiffs cited. *See* Mem. in Supp. (Dkt. No. 233) at 5-6, 10-11, 21-22; *see also* Reply Memorandum in Further Support of Motion for Appeal Bond (Dkt. No. 251) at 1-2, 6-8. An appeal bond is well warranted here and respectfully, should be ordered.

Dated:   September 16, 2016

                                               Respectfully submitted,

                                               */s/ John G. Simon*
                                               John G. Simon, #35231MO
                                               The Simon Law Firm, P.C.
                                               800 Market Street, 17th FL
                                               St. Louis, Missouri 63101
                                               P. (314) 241-2929
                                               F. (314) 241-2029
                                               jsimon@simonlawpc.com

                                               *Liaison Counsel and Member Plaintiffs'*
                                               *Executive Committee*

---

2007)). This "adequately secure[s] recovery of costs should the class prevail but will not work a financial hardship on the exercise of the Objectors' rights to appeal." *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *3 (quoting *In re Diet Drugs Prods. Liab. Litig.,* No. 99-20593, 2000 U.S. Dist. LEXIS 16085, at * 6 (E.D. Pa. Nov. 6, 2000)).

/s/ Scott A Kamber
Scott A. Kamber (SK-5794,SDNY)
KamberLaw LLC
100 Wall Street 23rd floor
New York, NY 10005
P. (212) 920-3072
F. (212) 202-6364
skamber@kamberlaw.com

Deborah Kravitz, #275661CA
KamberLaw LLP
401 Center St., Suite 111
Healdsburg, CA
P. (707) 820-4247
F. (212) 202-6364
dkravitz@kamberlaw.com

> *Interim Class Counsel and Chair of the Plaintiffs' Executive Committee*

Gray, Ritter & Graham, P.C.
Don M. Downing #30405MO
701 Market Street, Suite 800
St. Louis, MO 63101-1826
P. (314) 241-5620
F. (314) 241-4140
ddowning@grgpc.com

Bursor & Fisher, P.A.
Joseph I. Marchese
Frederick J. Klorczyk III
888 Seventh Ave.
New York, NY 10019
P. 646-837-7410
F. 212-989-9163
jmarchese@bursor.com
fklorczyk@bursor.com

Steelman, Gaunt & Horsefield
David Steelman, #27334MO
901 N Pine St
Rolla, MO 6540
P. (573) 341-8336
F. (573) 341.8548
dsteelman@steelmanandgaunt.com

4

*Members of Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record in this action via the CM/ECF system on this 16th day of September, 2016 with copies mailed and emailed to the following objectors at the addresses appearing on their notices of appeal where appearing *pro se* or to counsel:

Pamela A. Sweeney (*pro se*)
2590 Richardson Street
Madison, WI 53711

Pamela A. Sweeney (*pro se*)
2672 Mutchler Road
Madison, WI  53711
pam.sweeney1@gmail.com

Caroline Nadola (*pro se*)
1421 Washington Place
Chesterbrook, PA 19087
caroline.nadola@comcast.net

Pamela McCoy
c/o George W. Cochran
Law Offices of George W. Cochran
1385 Russell Drive
Streetsboro, OH 44241
(330) 607-2187 telephone
(330) 230-6136 fax
lawchrist@gmail.com

Gary Sibley (*pro se*)
2711 N. Haskell, Suite 550
Dallas, Texas 75204
g@juris.cc

*/s/ John G. Simon*
John G. Simon